## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KELVIN C. THOMAS**                                   **CIVIL ACTION**

**VERSUS**                                             **NO.  16-1966**

**KEITH COOLEY**                                       **SECTION "G"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.      Factual Background

The petitioner, Kelvin C. Thomas ("Thomas"), is a convicted inmate incarcerated in the Allen Correctional Center in Kinder, Louisiana.[2]  On May 3, 2001, Thomas and a co-defendant, Christopher Johnson, were indicted by a Grand Jury in Tangipahoa Parish for the first degree murder of Vincent Bacile.[3]  The indictment later was amended to reduce the charge as to both defendants to second degree murder.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 2, Indictment, 5/3/01.

[4]St. Rec. Vol. 1 of 2, Indictment, handwritten amendments dated 6/24/08, 10/27/09, and 3/29/11.

The record reflects that, on March 26, 2001, the victim, Vincent Bacile, was shot to death during an attempted armed robbery by two masked robbers at the Piggly Wiggly grocery store in Independence, Louisiana.[5]  Several days before the shooting, Thomas approached a store employee, Gary Matthews, and explained that he owed money to Matthews's cousin, Darnell Milton.  Approximately two days later, Matthews, Thomas and Johnson, planned that Thomas and Johnson would rob the Piggly Wiggly after it closed at 9:00 p.m.  Matthews told Thomas and Johnson about an attic in the store where they could hide.  Immediately prior to the crime, Matthews's cousin, Angela Taylor, advised him by telephone that "They [were] in the store."  After entering the store, the robbers encountered Bacile.  After fatally shooting him, the robbers jumped over his body and unsuccessfully tried to force their way into the store's office.

Thomas was separately tried before a jury on October 27 through 30, 2009, and was found guilty of the lesser offense of manslaughter.[6]  At a hearing held on December 8, 2009, the Trial Court denied Thomas's motions for a new trial and for post-verdict judgment of acquittal.  After waiver of legal delays, the Court sentenced Thomas to twenty-five (25) years in prison at hard labor.[7]

On direct appeal, Thomas's appointed counsel asserted two errors: (1) he was denied the right to a speedy trial; and (2) the conviction by non-unanimous verdict was unconstitutional.  On

---

[5]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Thomas*, 66 So.3d 79 (La. App. 1st Cir. 2011) (Table); *State v. Thomas*, No. 2010-KA-1637, 2011 WL 2616833, at *1 (La. App. 1st Cir. May 6, 2011).

[6]St. Rec. Vol. 1 of 2, Trial Minutes, 10/27/09; Trial Minutes, 10/28/09; Trial Minutes, 10/29/09; Trial Minutes, 10/30/09; St. Rec. Vol. 2 of 2, Jury Verdict, 10/30/09.

[7]St. Rec. Vol. 1 of 2, Sentencing Minutes, 12/8/09; St. Rec. Vol. 2 of 2, Motion for New Trial, 11/19/09; Motion for Post-Verdict Judgment of Acquittal, 11/19/09.

2

May 6, 2011, the Louisiana First Circuit affirmed Thomas's conviction and sentence finding no merit in either issue.[8]

In the meantime, on March 25, 2010, the State filed a multiple offender bill charging Thomas a second felony offender.[9] Following further proceedings, on May 29, 2012, the Trial Court adjudicated Thomas to be a second felony offender.[10] At a hearing held on June 26, 2012, the Court vacated the prior sentence and resentenced Thomas as a second offender to serve forty-five (45) years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[11] The Court also later denied Thomas's motion to reconsider the sentence on October 23, 2012.[12]

Thomas's conviction and enhanced sentence became final thirty (30) days later, on Monday, November 26, 2012,[13] because he did not move for leave to appeal after his resentencing. La. Code Crim. P. art. 914;[14] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("'[A] conviction

---

[8]*Thomas*, 66 So.3d at 79; *Thomas*, 2011 WL 2616833, at *1. The Louisiana First Circuit also noted that the sentencing occurred prior to expiration of legal delays but found the error had not been preserved.

[9]St. Rec. Vol. 2 of 2, Multiple Bill, 3/25/10.

[10] St. Rec. Vol. 1 of 2, Multiple Bill Hearing Minutes, 2/28/12; Reasons for Judgment, 5/29/12.

[11] St. Rec. Vol. 1 of 2, Multiple Bill Sentencing Minutes, 6/26/12.

[12]St. Rec. Vol. 1 of 2, Hearing Minutes, 10/23/12; St. Rec. Vol. 2 of 2, Motion to Reconsider Sentence, 7/3/12.

[13]The thirtieth day fell on November 22, 2012, which was Thanksgiving Day. The next day, Friday, November 23, 2012, was declared the Acadian Day holiday by the Governor of Louisiana. La. Rev. Stat. Ann. § 1:55; La. Proclamation No. 123 BJ 2012. Thus, the final day of the period fell to the next business day, Monday, November 26, 2012. *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6(a)(1)(C).

[14]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

becomes final when the time for seeking further direct review in the state court expires.'") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *see also Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (citing 28 U.S.C. § 2244(d)(1)(A)) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'").

On December 13, 2012, Thomas submitted an application for post-conviction relief to the state trial court claiming that he was denied the right to appeal his enhanced sentence due to counsel's failure to move for an appeal.[15]  The Trial Court set the matter for hearing.[16]  Thomas's appointed counsel also filed a motion for leave to file an out-of-time appeal, which was denied by the Court without stated reasons on July 1, 2013.[17]  On November 13, 2013, the Trial Court also denied the application for post-conviction relief.[18]  Thomas did not seek review of this ruling.

Over one year later, on December 29, 2014, Thomas signed and submitted another application for post-conviction relief to the state trial court in which he asserted three grounds for relief:[19]  (1) appellate counsel failed to assign as error that the State presented insufficient evidence to convict; (2) appellate counsel failed to assign as error that the jury instruction on prior inconsistent statements was erroneous; and (3) the Trial Court failed to object to inadmissible

---

[15]St. Rec. Vol. 2 of 2, Application for Post-Conviction Relief, 12/20/12 (dated 12/13/2).

[16]St. Rec. Vol. 2 of 2, Trial Court Order, 1/25/13.

[17]St. Rec. Vol. 2 of 2, Motion for Out-of-Time Appeal, 6/24/13; Trial Court Order, 7/1/13.

[18]St. Rec. Vol. 2 of 2, Hearing Minutes, 11/13/13.

[19]St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief, 1/9/15 (attached memorandum dated 12/29/14).

hearsay evidence.  On January 14, 2015, the Trial Court denied relief finding no merit in the claims raised.[20]

The Louisiana First Circuit denied Thomas's related writ application on April 7, 2015, finding the application to have been untimely filed under La. Code Crim. P. art. 930.8(A) and citing *State ex rel. Rushing v. Whitley*, 662 So.2d 464 (La. 1995).[21]  The Louisiana Supreme Court also denied Thomas's subsequent writ application on February 5, 2016, for seeking untimely post-conviction relief, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[22]

## II.   Federal Habeas Petition

On March 28, 2016, the clerk of this Court filed Thomas's petition for federal habeas corpus relief in which he asserted three grounds for relief:[23] (1) appellate counsel was ineffective when she failed to raise insufficient evidence as an issue on appeal; (2) appellate counsel was ineffective when she failed to assert that the jury instruction on prior inconsistent statements was erroneous; and (3) the Trial Court failed to object to inadmissible hearsay evidence.

The State filed a response in opposition to the petition arguing that the petition was not timely filed under federal law and alternatively, the claims are in procedural default.[24]

---

[20]St. Rec. Vol. 2 of 2, Trial Court Order, 1/14/15; Reasons for Judgment, 1/14/15.

[21]St. Rec. Vol. 2 of 2, 1st Cir. Order, 2015-KW-0205, 4/7/15.  In *State ex rel. Rushing*, the Louisiana Supreme Court held that a resentencing does not restart the time limits for filing for post-conviction relief.  662 So.2d at 464.

[22]*State ex rel. Thomas v. State*, __ So. 3d __, 2016 WL 4017078, at *1 (La. Feb. 5, 2016); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2015-KH-0883, 2/5/16.  In *Glover*, the Louisiana Supreme Court held that a post-conviction application could be dismissed as untimely even if the lower court addressed the merits.  660 So.2d at 1201.

[23]Rec. Doc. No. 3.

[24]Rec. Doc. No. 10.

III.    **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[25] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on February 22, 2016.[26]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State contends that Thomas's petition was not timely filed under federal law, and his claims otherwise are in procedural default because they were untimely presented in the state courts.  For the reasons that follow, Thomas's petition was not timely filed and should be dismissed for that reason.

---

[25]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[26]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Thomas's petition on March 28, 2016, when the filing fee was paid.  Thomas dated his signature on the original submission on February 22, 2016.  This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to a federal court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

**IV.**     <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[27] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Thomas's conviction was final under federal law on Monday, November 26, 2012, when he did not seek review after his resentencing as a multiple offender. Pursuant to § 2244, Thomas had one year from that date, or until November 26, 2013, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Thomas's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

**A.**     <u>Statutory Tolling</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements,

---

[27]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    A.     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[28] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a

---

[28]Requests for document and transcript copies are not "other collateral review" for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on November 27, 2012, the day after Thomas's conviction and sentence were final.  The filing period ran for seventeen (17) days until December 13, 2012, when Thomas signed and submitted his first application for post-conviction relief to the state trial court.  That application remained pending and tolled the AEDPA filing period through December 13, 2013, when he did not seek review of the Trial Court's ruling.

The AEDPA one-year filing period began to run again on December 14, 2013, and continued to do so without interruption for the remaining 348 days until November 26, 2014, when it expired.  Thomas had no properly filed state application for post-conviction or other collateral review pending during that time.  His next application for post-conviction relief was not signed and submitted to the state trial court until December 29, 2014.  This filing made after the expiration of the AEDPA one-year filing period and did not renew the filing period or provide him any tolling benefits.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015).  Thus, Thomas's federal petition was not timely filed.

## B.    No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert.*

*denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2

(assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Thomas has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that the petitioner did not timely pursue his state post-conviction relief or federal habeas review. There is no basis for equitable tolling in this case.

For all of the foregoing reasons, Thomas's federal petition deemed filed on February 22, 2016, almost fifteen months after the AEDPA filing period expired on November 26, 2014, was not timely filed in this Court and must be dismissed for that reason.

### C.    No Other Exception Exists

Affording Thomas's federal petition a broad construction, and for the benefit of a reviewing Court, the record fails to present any other basis to excuse Thomas's failure to timely file this federal petition. Thomas has raised grounds of ineffective assistance of counsel and under a broad reading, asserts that he is actually innocent.[29] Neither suggestion affords him an excuse from the AEDPA timeliness requirement for the reasons that follow.

---

[29]Rec. Doc. No. 3-1, p. 13, ¶18.

1.      ___Martinez___ __is Not Applicable Here__

Thomas is not entitled to excuse his untimely filed federal petition based on his assertion of claims of ineffective assistance of appellate counsel.  The United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide a basis for review of this underlined untimely filed underlined federal petition or his ineffective assistance of underlined appellate counsel claim.

In *Martinez*, the Court held that a underlined state imposed "'underlined procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at underlined trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  *Trevino*, 133 S. Ct. at 1915 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). As an initial matter, Thomas has underlined not asserted a claim of ineffective assistance of counsel at underlined trial to trigger the protections under either case.

Furthermore, the bar to review at issue in this case arises from Thomas's failure to meet the underlined federal limitations deadline under the AEDPA.  The *Martinez* and *Trevino* decisions do underlined not address or provide an excuse for the untimely filing of a federal habeas petition.  *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014) (Order adopting Report); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA.  *See*, *In re*

*Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  For these reasons, neither *Martinez* nor *Trevino* provide Thomas a basis for relief from the failure to meet the AEDPA's limitations period.

### 2.        No Actual Innocence Exception

Thomas has urged that he is actually innocent because the transcript contains no evidence and there was no DNA evidence offered to link him to the crime.[30]  Thomas does not reference any new evidence of his actual innocence; he simply references the lack of evidence presented at trial.

The United States Supreme Court has **not** recognized a free-standing claim of actual innocence on federal habeas review.  *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)).  The Court instead has recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim.  *McQuiggin*, 133 S. Ct. at 1931.

Thus, under a broad reading, Thomas may intend for the Court to consider an actual innocence exception to forgive either his untimely federal filing or the state imposed procedural bar to review of his claims.  Nevertheless, Thomas has failed to make the required and credible threshold showing of his actual innocence to excuse his untimely filing under the AEDPA.

---

[30]Rec. Doc. No. 3-1, p. 13, ¶18.

In *McQuiggin*, the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.*, at 1928. In recognizing the stringent standards of this exception to § 2244(d), the Supreme Court held that " [t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.*, at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In addition, the actual innocence gateway should open only when the "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial." *Id.* at 1936 (citation omitted). The Court must consider "the probative force of relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28. "It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329.

A petitioner must show factual innocence through the presentation of "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." (emphasis added) *Schlup*, 513 U.S. at 324; *see Stroman v. Thaler*, 405 F. App'x 933, 934-35 (5th Cir. 2010) (citation omitted). The United States Fifth Circuit Court of Appeals has held that evidence is "not 'new' [when] it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008). The *Schlup* decision, however, did not require that the evidence be newly discovered,

only that it be reliable and not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015) (citing *Schlup*, 513 U.S. at 324).

A petitioner's delay in presenting new but previously known or discoverable evidence is relevant to the credibility of the actual innocence claim and "as part of the assessment whether actual innocence has been convincingly shown." *McQuiggin*, 133 S. Ct. at 1935-36.  The Supreme Court has made clear that "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of ... evidence [of actual innocence]." *Schlup*, 513 U.S. at 332; *McQuiggin*, 133 S. Ct. at 1935; *see also*, *House*, 547 U.S. at 537.  The *McQuiggin* was clear that "[t]he timing of such a petition, however, should seriously undermine the credibility of the actual-innocence claim." 133 S. Ct. at 1936.

In this case and under these standards, Thomas has not referenced or presented any new much less reliable new evidence of his factual innocence or any evidence that would convince a court that no juror would have found him guilty.  *Accord*, *Golmon v. Director, TDJC-CID*, No. 13CV325, 2013 WL 3724838, at *1 (E.D. Tex. Jul. 15, 2013).  His unsupported assertion of actual innocence is insufficient to overcome the statute of limitations and the bar to review of his federal claims.  His untimely filed federal petition must be dismissed.

**V.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Kelvin C. Thomas's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[31]

New Orleans, Louisiana, this 13th day of September, 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[31]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

16