# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| KELVIN THOMAS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-1966 |
| KEITH COOLEY, WARDEN | SECTION "G"(4) |

## ORDER AND REASONS

Before the Court are Petitioner Kelvin C. Thomas' ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at Allen Correctional Center in Kinder, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that his appellate counsel was ineffective, appellate counsel failed to assert that the jury instruction on prior inconsistent statements was erroneous, and the trial court failed to object to inadmissible hearsay evidence.[3] The Magistrate Judge found the petition untimely and recommended that the matter be dismissed with prejudice.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation and dismisses this action with prejudice.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 11.

[3] Rec. Doc. 3-1.

[4] Rec. Doc. 11.

[5] Rec. Doc. 12.

1

## I. Background

*A.     Factual Background*

On May 3, 2001, a grand jury in Tangipahoa Parish indicted Petitioner for first degree murder.[6] The indictment was later amended to reduce the charge to second degree murder.[7] On October 30, 2009, a jury found Petitioner guilty of manslaughter.[8] On December 8, 2009, the trial court denied Petitioner's motion for a new trial and for a post-verdict judgment of acquittal.[9] Petitioner was sentenced to twenty-five years imprisonment.[10] The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on May 6, 2011.[11]

The State filed a multiple offender bill charging Petitioner as a multiple felony offender on March 25, 2010.[12] Petitioner was adjudicated to be a multiple offender on May 29, 2012.[13] On June 26, 2012, the trial court vacated the prior sentence and resentenced Petitioner to forty-five years imprisonment without parole, probation, or suspension of sentence.[14] Petitioner's motion to reconsider the sentence was denied by the trial court on October 23, 2012.[15]

---

[6] State Rec., Vol. I of II, Indictment, May 3, 2001.

[7] State Rec., Vol. I of II, Indictment, handwritten amendments, June 24, 2008, Oct. 27, 2009, and Mar. 29, 2011.

[8] State Rec., Vol. I of II, Minute Entry, Oct. 30, 2009.

[9] State Rec., Vol. I of II, Minute Entry, Dec. 8, 2009.

[10] *Id.*

[11] Rec. Doc. 11 at 3.

[12] State Rec., Vol. II of II, Multiple Bill, Mar. 25, 2010.

[13] State Rec., Vol. II of II, Reasons for Judgment, May 29, 2012.

[14] State Rec., Vol. I of II, Multiple Bill Sentencing Minutes, June 26, 2012.

[15] State Rec., Vol. I of II, Hearing Minutes, Oct. 23, 2012.

Petitioner submitted an application for post-conviction relief to the state trial court on December 13, 2012.[16] Petitioner's counsel also filed a motion for leave to file an out-of-time appeal of the enhanced sentence.[17] The trial court denied the motion for leave to file on July 1, 2013.[18] On November 13, 2013, the trial court also denied the application for post-conviction relief.[19]

On December 29, 2014, Petitioner filed another post-conviction application in the state trial court claiming that: (1) appellate counsel failed to raise the issue of the insufficiency of the evidence on appeal; (2) appellate counsel failed to raise on appeal that the jury instruction on prior inconsistent statements was erroneous; and (3) the trial court failed to object to inadmissible hearsay evidence.[20] The state trial court denied relief on January 14, 2015.[21] Petitioner's related writ applications were denied by the Louisiana First Circuit Court of Appeal on April 7, 2015,[22] and by the Louisiana Supreme Court on February 5, 2016.[23]

Petitioner filed this habeas petition on February 22, 2016.[24] The State filed a response, arguing that the petition should be dismissed as untimely, or alternatively, due to procedural default.[25]

---

[16] State Rec., Vol. II of II, Application for Post-Conviction Relief, Dec. 20, 2012 (dated Dec. 13, 2012).

[17] State Rec., Vol. II of II, Motion for Out of Time Appeal, June 24, 2013.

[18] State Rec., Vol. II of II, Trial Court Order, July 1, 2013.

[19] State Rec., Vol. I of II, Hearing Minutes, Nov. 13, 2013.

[20] State Rec., Vol. I of II, Application for Post-Conviction Relief, Jan. 9, 2015 (attached memorandum dated Dec. 29, 2014).

[21] State Rec., Vol. II of II, Trial Court Order, Jan. 14, 2015.

[22] *State v. Thomas*, 15-KW-0205 (La. App. 1 Cir. 4/7/15); 66 So. 3d 79.

[23] *State ex rel. Thomas v. State*, 15-KH-08833 (La. 2/5/16); 194 So. 3d 589

[24] Rec. Doc. 3-1.

[25] Rec. Doc. 10.

B.       *Report and Recommendation Findings*

On September 13, 2016, the Magistrate Judge recommended that the petition be dismissed with prejudice as untimely.[26] The Magistrate Judge found that Petitioner failed to file his petition within the time required by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Subsections A and C.[27]

The Magistrate Judge noted that under Subsection A of the AEDPA, Petitioner is required to file a habeas corpus petition within one year of the date his conviction became final.[28] The Magistrate Judge determined that Petitioner's conviction became final on November 26, 2012, when he failed to seek review of his resentencing.[29] Therefore, Petitioner was required to file his federal habeas corpus petition by November 26, 2013, unless he was entitled to tolling.[30]

The Magistrate Judge determined that Petitioner was entitled to some statutory tolling under 28 U.S.C. § 2244(d)(2), which provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."[31] The Magistrate Judge found that Petitioner tolled the statute of limitations after seventeen days had elapsed by filing his first application for post-conviction relief on December 13, 2012.[32] The state

---

[26] Rec. Doc. 11 at 15.

[27] *Id.* at 11–13.

[28] *Id.* at 7.

[29] *Id.* at 3.

[30] *Id.* at 7.

[31] *Id.* (quoting 28 U.S.C. § 2244(d)(2)).

[32] *Id.* at 9.

trial court denied that application on November 13, 2013.[33] The Magistrate Judge determined that Petitioner's application ceased to be "pending" and the statute of limitations resumed running on December 13, 2013, when Petitioner failed to seek review of the trial court ruling.[34]

The Magistrate Judge determined that the AEDPA filing period began to run again on December 14, 2013.[35] The Magistrate Judge found that the period ran without interruption for the remaining 348 days and expired on November 26, 2014.[36] The Magistrate Judge noted that Petitioner did not have a properly filed application for post-conviction relief pending during that time.[37] Petitioner's next application for post-conviction relief was not filed until December 29, 2014.[38] The Magistrate Judge noted that because this filing was made after the expiration of the AEDPA one-year filing period, it neither renewed the filing period nor provided Petitioner any additional tolling.[39] The Magistrate Judge also noted that Petitioner did not raise any basis for equitable tolling.[40]

Next, the Magistrate Judge addressed the applicability of Subsection C, which provides that the one year limitation period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[33] *Id.* at 4.

[34] *Id.* at 9.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* at 11.

5

the Supreme Court and made retroactively applicable to cases on collateral review.[41] The Magistrate Judge noted that Petitioner relied on the Supreme Court's decision in *Martinez v. Ryan* and *Trevino v. Thaler* to support his assertion that his petition is timely.[42] However, the Magistrate Judge found Petitioner's reliance on United States Supreme Court decisions in *Martinez* and *Trevino* to be misplaced.[43] The Magistrate Judge noted that in those cases the Supreme Court held that "a state imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[44] Here, the Magistrate noted that protection under these cases was not triggered because Petitioner asserted a claim of ineffective assistance of appellate counsel and not a claim of ineffective assistance of counsel at trial.[45] Furthermore, the Magistrate noted that the bar to review at issue is not a state imposed procedural issue, but rather Petitioner's failure to meet the federal limitations deadline under the AEDPA.[46] Moreover, the Magistrate Judge noted that the Supreme Court has not made these cases retroactive to cases on collateral review.[47] Therefore, the Magistrate determined that neither *Martinez* nor *Trevino* provided Petitioner a basis for relief.[48]

---

[41] 28 U.S.C. § 2244(d)(1)(C); The Magistrate Judge does not expressly state that Subsection C is applicable, but the language used to analyze the issue comes directly from Subsection C.

[42] Rec. Doc. 11 at 12 (citing *Martinez v. Ryan*, 566 U.S. 1, (2012) (citing *Trevino v. Thaler*, 133 S.Ct. 1911, (2013)).

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] Rec. Doc. 11 at 12–13.

[48] *Id.* at 13.

Finally, the Magistrate Judge noted that, in *McQuiggin v. Perkins*, the United States Supreme Court held that a "credible showing of actual innocence" may allow a petitioner to overcome an untimely filed habeas corpus claim.[49] To invoke the *McQuiggin* exception, however, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[50] Additionally, the exception only applies when "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial."[51] The Magistrate Judge further noted that a petitioner must show factual innocence through presentation of "new reliable evidence."[52] Here, the Magistrate noted that Petitioner only referenced the lack of evidence presented at trial.[53] The Magistrate Judge determined that Petitioner did not present any reliable new evidence of his factual innocence or any evidence to convince the court that no reasonable juror would have found him guilty.[54] Therefore, the Magistrate Judge concluded that Petitioner had not established his actual innocence.[55] Accordingly, the Magistrate Judge determined that the petition was untimely.[56]

---

[49] *Id.* (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)).

[50] *Id.* at 14.

[51] *Id.* (quoting *McQuiggin*, 133 S. Ct. at 1936).

[52] *Id.*

[53] *Id.* at 15.

[54] *Id.*

[55] *Id.*

[56] *Id.*

## II. Objections

*A.     Petitioner's Objection*

On October 5, 2016, Petitioner filed objections to the Magistrate Judge's Report and Recommendation.[57] Petitioner argues that he has exhausted his claims in state court.[58] He asserts that he has argued the same claim in both federal and state court—ineffective assistance of appellate counsel.[59] Petitioner states that despite the claim being drafted by different authors, the substance of the claim has not changed.[60] According to Petitioner, "the slight differences in the claim don't present a new legal theory or new factual claims."[61]

Petitioner objects to the Magistrate Judge's finding that he did not assert a claim of ineffective assistance of counsel at trial to trigger protections under *Martinez* and *Trevino*.[62] Petitioner argues that he raised the issue of ineffective assistance of appellate counsel in his appeals.[63] Petitioner states that appellate counsel was ineffective because counsel failed to raise on appeal that there was insufficient evidence to support his conviction.[64] Petitioner also cites to case law governing the ineffective assistance of counsel analysis.[65]

---

[57] Rec. Doc. 12.

[58] *Id.* at 4.

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id.* at 6–7.

Finally, Petitioner argues that deference should not be given to the state court's decision because it was based upon an unreasonable application of federal law.[66] Petitioner asserts that the Louisiana Supreme Court applied the standard established in *Strickland v. Washington* unreasonably when it denied his writ application as untimely.[67]

### B. *State's Opposition*

Despite receiving electronic notification of the filing, the State of Louisiana did not file a brief in opposition to Petitioner's objection.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to a Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate judge on a dispositive matter.[68] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[69] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[70]

---

[66] *Id.* at 5.

[67] *Id.* at 5–6.

[68] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[69] Fed. R. Civ. P. 72(b)(3).

[70] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

9

## IV. Law and Analysis

### A. AEDPA Statute of Limitations

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:

> A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[71]

The Magistrate Judge determined that Subsections A and C could be applicable here.[72] Petitioner did not object to the application of either subsection. Accordingly, reviewing for plain error, and finding none, the Court find that these are the only applicable sections.

### B. Timeliness Under Subsection A

The Magistrate Judge determined that Petitioner's conviction became final on November 26, 2012, 30 days after his resentencing, because he did not appeal his resentencing.[73] Therefore, Petitioner had until November 26, 2013 to file his federal petition, unless that deadline was extended through tolling.[74] Petitioner did not object to this determination. As noted above, under Subsection A, a petitioner is required to bring a habeas claim within one year of the date his

---

[71] 28 U.S.C. § 2244(d)(1).

[72] Rec. Doc. 11 at 12. As noted earlier, the Magistrate Judge does not expressly state that Subsection C is applicable. However, the language used to analyze the issue comes directly from Subsection C.

[73] Rec. Doc. 11 at 3 (citing *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)).

[74] *Id.* at 7.

conviction became final.[75] Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that the application must have been filed no later than November 26, 2013, unless that deadline was extended through tolling.

Petitioner does not object to the Magistrate Judge's determination regarding tolling. Therefore, the Court reviews this issue for plain error. The AEDPA provides for statutory tolling for "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[76] An application is "properly filed" when the applicant has complied with all of the State's procedural requirements.[77] These usually proscribe, for example, timeliness and rules governing notice and place of filing.[78]

The AEDPA limitation period is also subject to equitable tolling when a diligent petitioner is prevented from timely filing a petition due to extraordinary circumstances outside of his control.[79] The petitioner bears the burden of establishing entitlement to equitable tolling.[80] Equitable tolling is only permitted in "rare and exceptional" circumstances.[81] The Fifth Circuit has held that equitable tolling is warranted only in situations where the petitioner is "actively misled . . . or is prevented in some extraordinary way from asserting his rights."[82]

---

[75] 28 U.S.C. § 2244(d)(1)(A).

[76] 28 U.S.C. § 2244(d)(2)

[77] *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005).

[78] *Id.* at 413–14; *Williams v. Cain*, 217 F.3d 303, 307 (5th Cir. 2000).

[79] *Pace*, 544 U.S. at 418.

[80] *Id.*

[81] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[82] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Petitioner's conviction became final on November 26, 2012, 30 days after his resentencing.[83] The limitations period ran for 17 days until December 13, 2012, when he submitted his first application for state post-conviction relief.[84] That application was denied on November 13, 2013.[85] The limitations period was tolled until December 13, 2013, when Petitioner did not seek review of the denial.[86] The limitations period resumed running December 14, 2013, and ran the additional 348 days until it expired on November 26, 2014.[87] Petitioner filed his next application for post-conviction relief on December 29, 2014, after the expiration of the AEPDA limitations period. Moreover, Petitioner has not established any entitlement to equitable tolling.[88] Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioners federal petition was untimely under Subsection A.

## C. *Timeliness Under Subsection C*

The Magistrate Judge found that Petitioner had no basis for relief under Subsection C.[89] Construing his objections broadly, Petitioner appears to object to this determination and argue that his petition is timely under Subsection C because it was filed within one year of the Supreme Court's decisions in *Martinez v. Ryan* and *Trevino v. Thaler*.[90] Subsection C of the AEDPA permits commencement of the one year period from "the date on which the constitutional right asserted

---

[83] Rec. Doc. 11 at 3.

[84] *Id.* at 9.

[85] *Id.* at 4.

[86] *Id.* at 9.

[87] *Id.*

[88] *Id.* at 9, 11.

[89] *Id.* at 13.

[90] Rec. Doc. 12 at 3.

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[91]

In *Martinez*, the Supreme Court held that a state imposed "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceedings was ineffective."[92] This is a narrow exception as *Martinez* and *Trevino* only address state imposed procedural defaults.[93] *Martinez* "does not apply to the AEDPA's limitations period or any tolling of that period."[94] Moreover, the Supreme Court has not made *Martinez* or *Trevino* retroactive in habeas proceedings.[95] Accordingly, on de novo review, the Court finds the petition untimely under Subsection C.

### D. *Actual Innocence*

Petitioner does not object to the Magistrate Judge's finding that he has not established actual innocence. A petitioner may overcome the statute of limitations imposed by the AEDPA if he can prove "actual innocence."[96] The Supreme Court has held that in order to invoke this exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[97] Additionally, actual innocence is only tenable when "evidence of innocence is so strong that a court cannot have confidence in the

---

[91] 28 U.S.C. 2244(d)(1)(C).

[92] *Martinez*, 566 U.S. at 17 (2012).

[93] *Arthur v. Thomas*, 739 F.3d 611, 630–31 (11th Cir. 2014); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014).

[94] *Arthur*, 739 F.3d at 630–31; *Smith*, 2014 WL 2972884, at *1; *Falls*, 2014 WL 2702380, at *3.

[95] *In re Paredas*, 587 F. App'x 805, 813 (5th Cir. 2014).

[96] *McQuiggen*, 133 S.Ct. at 1928 (2013).

[97] *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

13

outcome of the trial."[98] Furthermore, petitioner must prove factual innocence through presentation of new reliable evidence.[99]

Petitioner makes no argument regarding actual innocence and presents no evidence of his factual innocence. Accordingly, reviewing for plain error, and finding none, the Court finds the petition untimely and dismisses it with prejudice.

### V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge and **DISMISSES** Petitioner's claims **WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 28th day of June, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[98] *Id.* at 1936.

[99] *Schlup*, 513 U.S. at 324.